UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN A. FINFER,<br><br>    Plaintiff,<br><br> v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and TRANS UNION LLC,<br><br>    Defendants. | Case No:<br><br>Judge |

## COMPLAINT

Jordan A. Finfer ("Plaintiff") brings this action on behalf of himself against defendants Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

1

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Illinois and this judicial district.

## PARTIES

6. Plaintiff, Jordan A. Finfer, is a natural person who resides in Cook County, Illinois.

7. Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent, C T Corporation System, is located at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, Prentice Hall Corporation is located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

10. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Defendants regularly conduct business in Illinois.

**FACTS**

12. In 2016, Plaintiff signed a lease for a 2017 Honda Acura RDX pursuant to which he owed Acura Financial Services $457.88 per month. Plaintiff was set up for automatic withdrawals of his monthly payments from his financial accounts. Plaintiff made on-time payments to Acura Financial Services every month.

13. On June 22, 2019, Acura Financial Services sent Plaintiff a letter indicating that his lease was set to expire on August 6, 2019. Exhibit A. The letter indicated that Plaintiff would be responsible for a "turn-in fee" of $350 that might contain applicable sales tax. *Id*. at p.2.

14. On July 25, 2019, Acura Financial Services sent Plaintiff a letter acknowledging that he turned in his 2017 Honda Acura RDX to McGrath Acura of Downtown Chicago. Exhibit B. This letter indicated that Acura Financial Services "may send a final liability statement for excess wear and use or damage, excess mileage, personal taxes, any applicable fees or penalties, and any other amounts due under the terms of the lease agreement." *Id*.

15. On September 2, 2019, Acura Financial Services sent Plaintiff a letter that explained the breakdown of Plaintiff's end-of-lease balance due that Plaintiff owed Acura Financial Services $411.18 ($350 for a turn-in Fee and $61.18 in sales tax and/or fees). Exhibit C.

16. Acura Financial Services asked that Plaintiff pay the total balance within 25 days of the letter, which was dated September 2, 2019. *Id*. As a result, the due date for Plaintiff's final payment was September 27, 2019. *Id*.

17. Plaintiff did not make his payment by September 27, 2019, because he thought Acura Financial Services would automatically withdraw the $411.18 payment, as had been done with the monthly payments throughout the term of his lease.

18. After learning that Acura Financial Services was not going to automatically

withdraw Plaintiff's final payment, on October 25, 2019—28 days after the due date—Plaintiff paid Acura Financial Services $411.18. Exhibit D.

19. In October, Plaintiff – who is in the process of obtaining financing for the purchase of a new home - accessed his credit reports and saw that Acura Financial Services was reporting him as 30 days past due on the final Acura Financial Services payment. However, Plaintiff was not, and has never been, 30 days late on any payment to Acura Financial Services.

20. The inaccurate and derogatory tradeline from Acura Financial Services was the only negative mark on Plaintiff's credit reports.

21. Because Plaintiff was not 30 days past due, he disputed the reporting directly to Acura Financial Services. On October 31, 2019, Acura Financial Services verified Plaintiff's 30-day late payment as accurate. Exhibit E.

22. On December 3, 2019, Plaintiff filed dispute letters with Equifax Information Services LLC ("Equifax"), Experian, and Trans Union. Exhibits F-H. In Plaintiff's dispute letters, he included supporting documentation that showed Plaintiff's final payment was due September 27, 2019 and he made his final payment on October 25, 2019, which was 28 days past due, rather than the 30 days reflected in his credit reports. *Id*.

23. Upon information and belief, Equifax, Experian, and Trans Union—pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A)—notified Acura Financial Services of Plaintiff's disputes within 5 business days of receiving notice of the dispute from Plaintiff.

24. However, Experian and Trans Union improperly verified the inaccurate and derogatory Acura Financial Services tradeline as accurate.

25. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Experian and Trans Union failed to investigate Plaintiff's dispute and failed to remove the

disputed items from Plaintiff's credit reports.

26. As a result, Plaintiff's credit scores for Experian and Trans Union are significantly lower than his Equifax credit score and has been and continues to be damaged as a result of the inaccurate and derogatory Acura Financial Services tradeline.

27. Upon information and belief Experian, and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Experian's, and Trans Union's receipt of Plaintiff's disputes.

28. Plaintiff has been damaged due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of his Acura Financial Services account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

29. The Acura Financial Services inaccurate and derogatory reporting is the only negative mark on Plaintiff's Experian and Trans Union credit reports. Plaintiff is looking to obtain a mortgage for a new house and requires an excellent credit score to obtain the best possible financing.

30. This error has had a chilling effect on the mortgage process as well as caused emotional distress about how it will impact Plaintiff financially with less than ideal lending rates. Plaintiff's Equifax credit score—without the false derogatory Honda reporting—is high enough to obtain favorable lending rates, but his Experian and Trans Union scores may not be and the cause of the lower scores is the inaccurate and derogatory Acura Financial Services reporting.

31. Plaintiff has suffered damages proximately caused by the conduct of Experian, and Trans Union, including:

i. Emotional distress, humiliation, guilt, stress, anxiety, and loss of focus and production at work;

ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

iii. Believing that the inaccurate reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on his ability to obtain a mortgage;

iv. Adverse information on his credit reports and a negative impact to his credit rating;

v. An inability to improve his credit score during the dispute process;

vi. A lower credit score; and

vii. Having to hire attorneys to combat the improper credit reporting.

## COUNT I

**Experian - Failure to reasonably reinvestigate**

32. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

33. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

34. Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

35. Plaintiff sent a dispute letter, along with supporting documentation, to Experian requesting that Experian delete the inaccurate and derogatory 30 past due reporting of his Acura Financial Services tradeline

36. Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned tradeline after receiving actual notice of the inaccuracies with supporting documentation showing the tradeline was reporting inaccurately.

6

37. Experian failed to delete inaccurate information after actual notice of inaccuracies.

38. Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's Acura Financial Services tradeline.

39. Experian's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

40. Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in his favor and against Experian;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

## COUNT II

### Trans Union - Failure to reasonably reinvestigate

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

43. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

44. Plaintiff sent a dispute letter, along with supporting documentation, to Trans Union requesting that Trans Union delete the inaccurate and derogatory 30 past due reporting of his Acura Financial Services tradeline

45. Trans Union failed to conduct a reasonable investigation of the information in Plaintiff's credit file about the above-mentioned tradeline after receiving actual notice of the inaccuracies with supporting documentation showing the tradeline was reporting inaccurately.

46. Trans Union failed to delete inaccurate information after actual notice of inaccuracies.

47. Trans Union failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file about Plaintiff's Acura Financial Services tradeline.

48. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

49. Plaintiff has suffered actual damages, embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in his favor and against Trans Union;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: May 7, 2020                    Respectfully submitted,

                                                JORDAN A. FINFER, plaintiff,

                                By:  /s/James M. Smith

                                                Richard J. Doherty (6226707)
                                                James M. Smith (6285183)
                                                Doherty Smith, LLC
                                                9501 W. 144th Place
                                                Suite 101
                                                Orland Park, IL 60462
                                                Phone: 866.825.6787
                                                Fax: 312.319.4084
                                                RDoherty@dohertysmith.com
                                                JSmith@dohertysmith.com